# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. David Bukoski*
Case No. 3:18-cr-00154-TMB-MMS-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant David Bukoski's ("Bukoski") Motion for Early Termination of Probation (the "Motion").[1] The United States (the "Government") opposes the Motion.[2] United States Probation and Pretrial Services ("USPO") has taken no position on the Motion and defers to the Court.[3] The matter is now ripe for resolution. For the reasons discussed below, the Motion is **DENIED WITHOUT PREJUDICE**.

On August 13, 2019, pursuant to a plea agreement, Bukoski pleaded guilty to Aiding and Abetting Computer Intrusions in violation of 18 U.S.C. §§ 1030(a)(5)(A)(1) and (2).[4] In the underlying offense, between March 2011 and November 2018, beginning when he was 16 years old, Bukoski developed and used the website "Quantum Stressor" to market Distributed Denial of Service attacks to online customers and support users' attempts to destabilize networks.[5] He received approximately $101,273 in payments for his services and caused at least $5,000 in total losses for at least ten individuals.[6] On February 4, 2020, Bukoski was sentenced to five years of probation.[7] On July 11, 2024, the Court entered an amended judgment reflecting that no restitution is ordered because the Government recommended that it could not obtain specific loss numbers for any victims willing to seek restitution publicly.[8]

Bukoski now moves for early termination of his probation based on his continued compliance with the conditions of probation and the recent amended judgment ordering no restitution.[9] He notes that "he has been on probation for more than four years now[] without a single violation" and has complied with all release conditions, including "strict conditions regarding computer usage" and close financial oversight.[10] Further, he requests termination "so that he may focus on his health," reporting that his "health has not improved since his sentencing" and that he continues to suffer

---

[1] Dkt. 136 (Motion for Early Termination of Probation).
[2] Dkt. 143 (Government Response in Opposition).
[3] Dkt. 142 (USPO Memorandum).
[4] Dkt. 73 (Minute Entry); Dkt. 62 (Plea Agreement).
[5] Dkt. 62 at 4–10.
[6] *Id.*
[7] Dkt. 113 (Minute Entry); Dkt. 115 (Judgment).
[8] Dkt. 138 (Amended Judgment).
[9] Dkt. 136 at 4.
[10] *Id.* at 1–2.

from extreme hypertension, eye damage from a stroke in 2016, and severe kidney damage requiring dialysis and a kidney transplant.[11] Noting he was young when he instigated the underlying offense at age 16 and has no prior criminal history, he also reports "he would like to further his education, but is unable to do so until he obtains a kidney transplant."[12] He suggests his probationary period has served sentencing objectives and "keeping [him] on probation at this time is unfruitful."[13]

Opposing, the Government suggests Bukoski has failed to establish he is entitled to early termination of probation.[14] Although it commends Bukoski for "do[ing] well on supervision to date" and "empathize[s] with his health concerns," it argues that he has not raised any new factors to indicate termination would be appropriate and "the court appropriately weighed the relevant considerations at sentencing in imposing a well-below guidelines sentence."[15] Further, it notes that his probationary term included a variety of conditions, and "[t]o the extent that [he] has flourished under supervision, that is a good reason to continue that supervision to term rather than terminate it early."[16]

USPO has no position on terminating Bukoski's probation early.[17] It notes that he has had no documented violations of his release conditions and currently suffers from medical issues requiring intensive care.[18] It also notes that he has been supervised by the Middle District of Pennsylvania since commencing his probationary term and that his USPO officer there reported he has had no violations to date and that he is currently unemployed due to health reasons requiring home treatment.[19] As such, USPO has no position on the Motion and defers to the Court.[20]

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating a defendant's probation.[21] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[22] Pursuant to 18 U.S.C. § 3564(c), after considering the factors set forth in 18 U.S.C. § 3553(a) and applicable Federal Rules of Criminal Procedure,[23] the court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case

---

[11] *Id.* at 2, 4.
[12] *Id.* at 2.
[13] *Id.* at 4.
[14] Dkt. 143 at 3–4.
[15] *Id.* at 4.
[16] *Id.* at 3–4.
[17] Dkt. 142.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] 18 U.S.C. § 3564(c) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
[22] *United States v. Hilton*, No. CR 13-172 PJH, 2014 WL 3728176, at *1 (N.D. Cal. July 28, 2014) (quoting *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002)).
[23] *See* Federal Rule of Criminal Procedure 32.1(c).

of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."[24]

Although there is little Ninth Circuit authority for applying 18 U.S.C. § 3564(c) for early termination of probation,[25] "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."[26] "Compliance with the conditions of probation is expected of an offender on probation and does not, alone, warrant early termination."[27] "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a)."[28] However, while new or changed circumstances may warrant early termination, the Ninth Circuit has indicated they are not required, at least for terminating periods of supervised release.[29]

Having reviewed the briefing in this matter, the Court concludes that early termination of Bukoski's probation is not warranted. Bukoski has served four years of his five-year probationary period, a sentence originally imposed in lieu of incarceration. While the Court commends him for his compliance on probation, mere compliance with probation conditions is insufficient to warrant early termination. Moreover, Bukoski has failed to identify a specific "changed circumstance[]" sufficient to justify early termination. Bukoski's continued health needs are significant, but the Court considered his needs in fashioning his original sentence. Moreover, he appears to be receiving needed care while serving his probationary sentence. Nor does the Court consider the amended judgment establishing that no victims of Bukoski's offense will receive restitution a circumstance in Bukoski's case sufficient to warrant early termination. As the Court has already considered the factors Bukoski raised in his Motion at sentencing, and Bukoski identified no new or changed circumstances warranting early termination, the Court concludes early termination of his probation is not appropriate.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Motion at Docket 136.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 7, 2024.

---

[24] 18 U.S.C. § 3564(c).
[25] *Hilton*, 2014 WL 3728176, at *2.
[26] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. § 3583(e)(1)).
[27] *Hilton*, 2014 WL 3728176, at *3.
[28] *Id.* at *3 (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).
[29] *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (referring to similar requirements for supervised release under 18 U.S.C. § 3583(e)); *United States v. Bainbridge*, 746 F.3d 943, 948–50 (9th Cir. 2014) (finding that new or changed circumstances are not required to modify conditions of supervised release).